Peter N. Wang (PW 9216)
Robert A. Scher (RS 2910)
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016-1314
Telephone:    212.682.7474
Facsimile:    212.687.2329

and

Michael M. Conway
Amy P. Purcell
Rebecca R. Hanson
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60610
Telephone:    312.832.4351
Facsimile:    312.832.4700

*Attorneys for Plaintiff-Counterdefendant
Navigant Consulting, Inc.*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NAVIGANT CONSULTING, INC., a Delaware corporation,<br><br>          Plaintiff-Counterdefendant,<br><br>     v.<br><br>JESS VARUGHESE, an individual,<br><br>          Defendant-Counterplaintiff. | Case No. 07 CIV 4854 (PKL)<br><br>**MOTION TO DISMISS COUNTERCLAIMS**<br><br>**JURY TRIAL DEMANDED** |

**MEMORANDUM IN SUPPORT OF COUNTER DEFENDANT
NAVIGANT'S MOTION TO DISMISS COUNTERCLAIMS**

Plaintiff and Counterdefendant Navigant Consulting, Inc. ("Navigant"), by and

through its attorneys, respectfully submits this memorandum of law in support of its Motion to

Dismiss Counts I and II of Defendant and Counterplaintiff Jess Varughese ("Varughese")'s

Counterclaims against Navigant pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## INTRODUCTION

In response to Navigant's complaint for repayment of unearned compensation, breach of fiduciary duty, breach of contract, and violation of the federal Computer Fraud and Abuse Act by wiping his Navigant computer hard drive clean of all data, Varughese has filed a two-count counterclaim allegedly arising in connection with his hiring in 2005 and his job slotting at Navigant.

Though his employment terms and related compensation were defined in writing in a series of documents, Varughese has predicated his two-count counterclaim on alleged oral promises not reflected in the extensive written documentation.

While he now asserts promises were made prior to his employment at Navigant, Varughese accepted the benefit of his employment agreements with Navigant for more than a year and a half, and was well-compensated. He reaped more than $800,000 in a single year. The details of his position and compensation at Navigant are expressly laid out in agreements that Varughese signed – both at the beginning of his employment in 2005 and again in March 2007.

Taking all of Varughese's allegations as true for the purposes of this Motion, Varughese's claims are barred because he has waived his right to allege, as he does in Count I of his Counterclaim, that he was fraudulently induced into accepting employment with Navigant. The judicial admissions of the counterclaim show that he ratified and affirmed his employment agreements with Navigant by continuing to accept the benefits of the agreements and by inducing Navigant to continue to perform under the agreements and under a subsequent employment agreement giving Varughese even more compensation.

Additionally, the express language of Varughese's written employment agreements that he executed with Navigant bars any claims based on supposed earlier oral agreements concerning the same subject matter. Varughese's breach of contract claim as alleged in Count II of his Counterclaim must be dismissed under the express terms of the written agreement, the integration clause doctrine, and the parol evidence rule. For the reasons stated below, both Counts I and II should be dismissed for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## FACTUAL ALLEGATIONS OF THE COUNTERCLAIM

When he was hired by Navigant in 2005, Varughese executed a number of employment-related agreements, including an Offer of Employment letter, a Stock Award Agreement, and an employment incentive recovery agreement, which Varughese refers to collectively as his "written employment agreement." *See* Counterclaim, ¶ 154;[1] *see also* signed Offer of Employment letter attached to the accompanying Affirmation of Robert A. Scher (the "Scher Aff.") as Ex. 1; Stock Award Agreement attached to Navigant's Complaint as Ex. D; and the employment incentive recovery agreement attached to Navigant's Complaint as Ex. B. On a Motion to Dismiss, the Court may properly consider the full text of documents attached or incorporated into the Complaint or Counterclaim and the documents upon which the plaintiff, or counterplaintiff relied on in bringing his or her claims. *Brass v. Am. Film Tech., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Cortec Indus. v. Sum Holding, L.P.*, 949 F.2d 42, 48 (2d Cir. 1991).

---

[1] In ¶¶ 173 and 186 of the Counterclaim, Varughese incorporates by reference ¶¶ 1-172 of the Answer and Counterclaim, which includes all of Varughese's affirmative allegations in the Answer. Varughese references his Offer of Employment letter (attached to the accompanying Scher Aff. at Ex. 1), his 2007 bonus agreement, and his other employment agreements attached to Navigant's Complaint in his Answer, so those documents are incorporated into his Counterclaim. Accordingly, for purposes of Rule 12(b)(6), these allegations and agreements are properly considered by the Court in determining if the Counterclaim states a claim for relief.

On July 15, 2005, Varughese "accepted Navigant's offer of employment in writing and signed the related agreements referenced in the Complaint…." Counterclaim, ¶ 154. Varughese's signed offer letter provides that Varughese would receive a base salary of $450,000 per year, a one-time incentive bonus of $350,000, incentive compensation based on multiple variable factors, restricted Navigant stock that would vest on a schedule laid out in the agreement and other benefits. *See Id.*; Signed Offer of Employment Letter, attached to Scher Aff. as Ex. 1. Varughese admitted executing an additional retention bonus in March 2007 and receiving $115,000 under that plan. *See* Varughese's Answer, ¶ 56, incorporated by reference in ¶¶ 173 and 186 of the Counterclaim.

Varughese's "written employment agreement," as he defined it, does contain an integration clause because certain of the documents that are part of that agreement contain language forbidding outside agreements. For example, Varughese's Stock Award Agreement contains a integration clause that states that "[t]he Plan, this Agreement and any documents expressly referred to herein constitute the entire agreement of the parties with respect to the subject matter hereof and any and all prior oral or written representations are merged into this Agreement." *See* Varughese's Form of Restricted Stock Award Agreement, ¶ 13, attached to Navigant's Complaint as Ex. D, and Varughese's Answer at ¶ 50, where he admits to signing the agreement. Similarly, Varughese's bonus agreements, one executed with his offer letter in 2005 and one executed in 2007, each contain a paragraph that states that the agreements "may be amended or modified only by written agreement duly executed by [Varughese] and NCI." *See* Varughese's Employment Incentive Recovery Agreement dated June 29, 2005, ¶ 8 and Retention Bonus Recovery Agreement dated March 9, 2007, ¶ 8, attached to Navigant's Complaint as Exs.

B and C respectively; *see also* Varughese's Answer, ¶¶ 50, 154, where he admits signing the agreements.

Although contradicted by the express language of his employment agreements, Varughese now contends that Navigant made oral promises to him to make him head of Navigant's Financial Services Practice and for hefty compensation apart from what was provided for in his written agreements. (Counterclaim, at ¶¶ 146, 150).

## ARGUMENT

Each of Counts I (Fraudulent Inducement) and II (Breach of Contract) of Varughese's Counterclaim fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Accepting Varughese's allegations as true, the counterclaims should be dismissed because it is beyond doubt that Varughese cannot set forth the facts in support of his claims that would entitle him to relief. *See Holloway v. King*, 361 F. Supp. 2d 351, 355 (S.D.N.Y. 2005) (setting forth the standard for a Motion to Dismiss under the Federal Rules of Civil Procedure).

        **A.    Varughese Fails To State A Claim For Fraudulent Inducement.**

To support a claim of fraudulent inducement, it is necessary for Varughese "to show, with specificity, that [Navigant] made a representation of material fact that was untrue and that it knew to be untrue or recklessly made at the time it was given, offered to deceive the other party and induce it to rely thereon to its detriment." *Hangzhou Silk Import and Export Corp. v. P.C.B. Int'l Indus., Inc.*, No. 00-Civ.-6344, 2002 U.S. Dist. LEXIS 16578, at *9-10 (S.D.N.Y.

Sept. 5, 2002) (citing *Chopp v. Welbourne & Purdy Agency, Inc.*, 522 N.Y.S.2d 367, 368 (3rd Dep't 1987)).[2]

While Varughese claims he is "entitled to rescission of his employment agreement due to Navigant's fraudulent inducement" (*see* Varughese's Answer, ¶ 184), for purposes of this motion assuming the truth of the allegation that Navigant fraudulently promised that he would be made head of the Financial Services Practice, Varughese has pled himself out of court because he admittedly ratified and affirmed his employment agreements with Navigant and cannot now claim that he was induced into accepting the agreements' terms.

Varughese waived the legal right to complain about being wrongfully induced into accepting employment by affirming the employment agreements and by continuing to reap the benefits of the agreements. Varughese thereby induced Navigant to continue to perform under the agreements until he decided to leave Navigant to form his competing business.

"Where a party engages in acts inconsistent, with disaffirmance, such as acceptance of benefits under the contract or the exercise of dominion over the subject matter of the transaction, he will lose the right to rescind." *Banque Arabe Et Internationale D'Investissement v. Maryland Nat'l Bank*, 850 F. Supp. 1199, 1212 (S.D.N.Y. 1994), *citing Gannett Co. Inc. v. Register Pub. Co.*, 428 F. Supp. 818, 824 and 826 (D. Conn. 1977). Varughese admitted that he received a salary, bonus payments, and other benefits during his employment with Navigant. *See* Varughese's Answer, ¶ 19, 56, 153-4. Count I of Varughese's counterclaim, therefore, must be dismissed for failure to state a claim.

---

[2] Navigant denies making any fraudulent statements to induce Varughese to accept employment at Navigant, and, if the counterclaim were to proceed beyond the pleading stage, Navigant is prepared to prove as much.

6

Additionally, "a party who re-affirms his contractual obligations in a subsequent written agreement is precluded from asserting defenses to those obligations under that agreement." *Sotheby's Financial Servs. Inc. v. Baran*, No. 00-Civ.-7897, 2003 U.S. Dist. LEXIS 13079, at *19 (S.D.N.Y. July 29, 2003) (*aff'd* 2004 U.S. Appx. LEXIS 13578 (2d Cir. 2004) (*citing Barrier Sys. v. A.F.C. Enters., Inc.*, 264 A.D.2d 432 (N.Y. App. Div. 1999) (holding that after retaining benefit of agreement and entering subsequent modification agreement, defendant is precluded from asserting fraudulent inducement)). Varughese "re-affirmed" his initial employment agreements when he signed a second Retention Bonus Recovery Agreement in 2007. *See* Navigant's Complaint, ¶ 56 and Varughese's Answer, ¶ 56, where he admits signing the agreement. Varughese went so far as to have his attorney review the agreement before he signed it in March 2007. *Id.* Varughese now contends that he is dissatisfied with the compensation he received from Navigant, and that he was fraudulently induced into accepting it in 2005, yet he – a savvy businessman who had the advice of counsel – affirmed Navigant's compensation arrangement by signing the 2007 agreement with Navigant. Since he affirmed the original agreements he made with Navigant, Varughese is now barred from claiming he was fraudulently induced into accepting their terms and, therefore, this Court should dismiss Count I of the Counterclaims.

### B. Varughese Cannot State A Claim For Breach of Contract.

Varughese has failed to state a claim for breach of contract. Varughese's claim that Navigant breached its contract with Varughese by not providing him with additional bonuses to raise his overall compensation to equal 20% of the net revenue generated by the GFI subpractice is barred by the express language of the written agreements, the integration clause doctrine, and the parol evidence rule.

7

To establish a breach of contract under New York law, a party must prove "(1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages." *Manhattan Motorcars v. Automobili Lamborhini, S.P.A.*, No. 07-Civ.-978, 2007 U.S. Dist. LEXIS 49641, at *13-14 (S.D.N.Y July 9, 2007). Because the interpretation of a contract is a question of law to be determined by the court, this Court may dismiss a complaint based on a contract if the contract unambiguously shows that the plaintiff is not entitled to the requested relief. *Marketing/ Trademark Consultants, Inc. v. Caterpillar, Inc.*, No. 98-Civ.-2570, 1999 U.S. Dist. LEXIS 14256, at *6, (S.D.N.Y. Sept. 16, 1999). The express language of the written employment agreements in this case unambiguously show that Varughese is not entitled to relief.

First, the written employment agreement executed by Varughese after the alleged promises were made explicitly reserves the right for Navigant to adjust Varughese's compensation according to a number of factors, including its sole discretion. *See* Counterclaim, ¶ 153-4; Signed Offer of Employment letter, attached to Scher Aff., Ex. 1. In contrast to Varughese's allegations that he was orally promised compensation equal to 20% of the net revenue of the GFI subpractice, the written employment agreement that he later signed explicitly provides for a different amount of compensation. *See Id*.

Second, the parol evidence rule bars any claim based on an oral agreement that contradicts the express terms of the written agreement.

Third, the integration clauses in the employment agreements prevent Varughese from offering other agreements, not incorporated into the written employment agreements, to show that he was entitled to something other than what the written agreements provided him.

8

*1.  The Unambiguous Written Employment Agreement Signed By Varughese Precludes His Contradictory Breach Of Contract Claim.*

While Varughese claims that Navigant promised him a hefty percentage of the net revenue generated by the GFI subpractice,[3] the plain language of the signed Offer of Employment letter — which Varughese was free to amend or to refuse to sign — eviscerated any such alleged promise as it explicitly allowed Navigant to adjust Varughese's compensation in accordance with a number of factors.  For example, the letter states:

> **Annual Variable Incentive Compensation.**  You will be eligible in NCI's Variable Incentive Compensation program in 2005.  This program provides annual cash payments made in the first quarter of the year following each fiscal year.  Payment would be contingent on the financial performance of NCI, the achievement of certain goals by the Financial Insurance & Claims Practice, your personal utilization rate and your performance the prior fiscal year.

Signed Offer of Employment Letter, p. 1, attached to Scher Aff., Ex. 1.  Additionally, in the same letter, Navigant included a statement that "[Navigant] reserves the right to periodically review and adjust *each* of its compensation and benefit programs it offers to you in its sole discretion." *Id.* at p. 2 (emphasis added).  Based on this unambiguous language, Navigant's reservation of the right to alter Varughese's compensation would include the right to alter any oral promises allegedly made by Navigant to Varughese.  Varughese accepted these terms by signing his employment agreements and, therefore, is unable to claim that Navigant owes him anything beyond what it has already provided him in terms of compensation and, therefore, Count II of his Counterclaim should be dismissed.

---

[3] Logic undermines Varughese's fanciful allegation.  If sophisticated parties – and after all, Varughese repeatedly touts his business skill and acumen (Counterclaim ¶¶ 136, 158) – had decided that compensation would be based on a percentage of "net revenue" in a specific practice group, the formula for net revenue and the parameters of how revenue was attributable to a practice group would have been spelled out in precise detail in a written document, so that the payment amounts due could be verified. However, the court need not consider the illogic of Varughese's premise in order to grant this motion.

9

>   2.  *The written employment agreements contain integration clauses that prevent Varughese from claiming that the alleged oral promise changed the terms of the written agreements.*

Varughese's allegation that Navigant made this oral agreement with him, even if accepted as true, cannot work to undermine the plain language of his written agreements with Navigant and, therefore, Varughese cannot prove the facts necessary to support his claim and it should be dismissed. *See Holloway*, 361 F. Supp. 2d at 355.

Navigant's alleged oral promise is not reflected or incorporated in the written agreements, which are unambiguous in their expression of Varughese's compensation. *See* employment agreements, attached to Scher Aff., Ex. 1 and to Navigant's Complaint at Exs. B-D. Varughese cannot use the alleged oral promise to override the written terms of the employment agreements. Varughese himself defined Navigant's Offer of Employment letter and the "related agreements referenced in the Complaint" as a singular "written employment agreement." *See* Counterclaim, at ¶ 154. Under the defined terms used by Varughese in the counterclaim, his "written employment agreement," includes an integration clause and a clause stating that modifications to the terms can only be made in writing. "[A] merger clause provision indicates that the subject agreement is completely integrated." *Morrissey v. GMC*, 21 Fed. Appx. 70, at *73 (2d Cir. 2001) (citing *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 20 (2d Cir. 1997). As a result, Varughese is barred by the parol evidence rule from using "prior oral statements" to "refute the unambiguous terms of a written, integrated contract." *Id.*

Specifically, Varughese's Stock Award Agreement contains a integration clause that states that "[t]he Plan, this Agreement and any documents expressly referred to herein constitute the entire agreement of the parties with respect to the subject matter hereof and any and all prior oral or written representations are merged into this Agreement." *See* Varughese's Form of Restricted Stock Award Agreement, at ¶ 13, attached as Ex. D to Navigant's Complaint

10

and Varughese's Answer, ¶ 153-4, where he admits to signing the agreement. Similarly, Varughese's bonus agreements, one executed in 2005 and one in 2007, each contain a paragraph that states that the agreements "may be amended or modified only by written agreement duly executed by [Varughese] and NCI." *See* Varughese's Employment Incentive Recovery Agreement dated June 29, 2005, ¶ 8, attached as Ex. B. to Navigant's Complaint and Varughese's Answer at ¶ 153-4, where he admits to signing the agreement; *see also* Varughese's Retention Bonus Recovery Agreement dated March 9, 2007, ¶ 8, attached as Ex. C to Navigant's Complaint and referenced in Varughese's Answer at ¶ 56, where he admits signing the agreement.[4]

3. *The parol evidence rule prevents Varughese from arguing that the alleged oral promise changed the terms of the written employment agreements.*

Even if the agreements are not viewed as "integrated," Varughese still cannot use the alleged oral promise to contradict the terms of the written agreement. "[B]asic contract principles dictate that [a court] cannot utilize [parol] evidence to contradict the express terms of an unambiguous contract." *Stanley v. Bray Terminals, Inc.*, 197 F.R.D. 224, 230 (N.D.N.Y. 2000); *see also Oxyn Telecomms., Inc. v. ONSE Telecom*, 2003 U.S. Dist. LEXIS 17371, at *12-13 (S.D.N.Y. 2003). Even where a writing is not integrated, parol evidence "of additional contract terms may be admitted to complete the agreement" only if "the additional terms do not contradict the written terms." *Joseph Victori Wines v. Vina Santa Carolina S.A.*, 933 F. Supp. 347, 352 (S.D.N.Y. 1996); *see also Carruthers v. Flaum*, 450 F. Supp. 2d 288, 310 (S.D.N.Y. 2006). Additionally, "[u]nder New York law, a written contract is to be interpreted so as to give

---

[4] As this collection of documents is properly defined as his "written employment agreement," the fact that there is no separate integration clause in the June, 2005 offer letter is of no moment as the documents are construed together and the integration provision applies to the employment agreements in toto.

effect to the intention of the parties as expressed in the unequivocal language they have employed," *Century Pac., Inc. v. Hilton Hotels Corp.*, No. 03-Civ.-8258, 2004 U.S. Dist. LEXIS 6904 (S.D.N.Y. April 24, 2004), and in "interpreting a contract, words and phrases are given their plain meaning." *Paine Webber Inc. v. Bybyk*, 81 F.3d 1193, 1199 (2d Cir. 1996) (citations omitted). "A court may neither rewrite, under the guise of interpretation, a term of the contract when the term is clear and unambiguous, nor redraft a contract to accord with its instinct for the dispensation of equity upon the facts of a given case." *Cruden v. Bank of N.Y.*, 957 F.2d 961, 976 (2d Cir. 1992) (citations omitted).

    The alleged oral promise to provide Varughese 20% of the net revenue of the GFI subpractice conflicts with the provisions of the written employment agreement Varughese executed with Navigant. The signed written employment agreement, unlike the alleged oral promise, provides that Varughese would receive a base salary of $450,000 per year, that he would receive a one-time incentive bonus of $350,000, incentive compensation that would be based on a number of variable factors, restricted Navigant stock in the amount equal to $500,000 that would vest on a schedule laid out in the agreement, as well as other benefits. *See* Varughese's Answer, ¶¶ 153-4, where Varughese admits to signing the agreement and Exs. B-D of Navigant's Complaint. Since the terms of the alleged oral agreement and the terms of the written agreement conflict, Varughese is barred from alleging that the alleged oral agreement was in effect.

    This Court may rely upon the parol evidence rule to grant a Fed. R. Civ. P. 12(b)(6) motion to dismiss a contract claim. *Holloway*, 361 F. Supp. 2d at 358. Varughese has failed to point to any written amendment or modification that would require Navigant to go beyond what it was obligated to compensate Varughese under the written agreements and

12

therefore his counterclaim for breach of contract must fail and this Court should dismiss Count II for Breach of Contract.

## CONCLUSION

For the reasons stated herein, Navigant respectfully requests that this Court enter an order (1) dismissing Counts I and II of Varughese's Counterclaim with prejudice; and (2) granting Navigant any other and further relief as this Court deems appropriate.

Dated: July 18, 2007
New York, New York

FOLEY & LARDNER LLP

By: /s/ Robert A. Scher

Peter N. Wang (PW 9216)
Robert A. Scher (RS 2910)
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
Telephone: 212.682.7474
Facsimile: 212.687.2329

and

Michael M. Conway
Amy P. Purcell
Rebecca R. Hanson
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60610
Telephone: 312.832.4351
Facsimile:  312.832.4700

*Attorneys for Plaintiff/Counterdefendant Navigant Consulting, Inc.*