UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NAVIGANT CONSULTING, INC., a Delaware corporation, Plaintiff, | (ECF Case) |
| | (Electronically Filed) |
| - against - | Case No. 07 CIV 4854 |
| JESS VARUGHESE, an individual, Defendant. | **INITIAL DISCLOSURES** |

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, defendant and counterclaimant Jess Varughese ("Varughese"), by and through undersigned counsel, hereby makes the following initial disclosures to plaintiff and counterclaim-defendant Navigant Consulting, Inc. ("Navigant"):

A. Persons Likely to Have Discoverable Information to Support Claims, Counterclaims or Defenses

**Jess Varughese**
Milestone Advisory Services, LLC
330 Madison Avenue, 9th Floor
New York, NY 10017

(Mr. Varughese may be contacted only through counsel)

Mr. Varughese has knowledge of his solicitation by, hiring, compensation and employment at Navigant, as well as of Navigant's solicitation of Konstantine Kostakis from Bearing Point, Inc. ("Bearing Point"). Mr. Varughese also has knowledge of Navigant's practices with regard to promotion, promises to him and others regarding compensation and promotion, and failure to carry out such promises. Mr. Varughese also has knowledge concerning the formation of Milestone and Milestone's operations, including the lack of usurpation of Navigant opportunities. Mr. Varughese also has knowledge of his directing opportunities to Navigant, assisting Navigant in developing prospects, and staffing Navigant employees during the time period of his alleged disloyalty, together with Mr. Kostakis.

**Konstantine Kostakis**
Milestone Advisory Services, LLC
330 Madison Avenue, 9th Floor
New York, NY 10017

(Mr. Kostakis may be contacted only through counsel)

Mr. Kostakis has knowledge of his solicitation by, hiring, and employment at Navigant, as well as of Navigant's solicitation of Mr. Varughese from Bearing Point. Mr. Kostakis also has knowledge of Navigant's practices with regard to promotion, promises to him and others regarding compensation and promotion, and failure to carry out such promises. Mr. Kostakis further has knowledge of the fact that he was not employed by, and had not received compensation from, Milestone until August 1, 2007, and of Varughese's efforts in directing opportunities to Navigant, assisting Navigant in developing prospects, and staffing Navigant employees during the time period of his alleged disloyalty. Mr. Kostakis also has knowledge of Milestone's operations.

**Peter Bond**
Milestone Advisory Services, LLC
330 Madison Avenue, 9th Floor
New York, NY 10017

(Mr. Bond may be contacted only through counsel)

Mr. Bond has knowledge of Navigant's practices with regard to promotion and promises regarding compensation and promotion and failure to carry out such promises.

**Stephanie Davis, Chris Milham, Tom Ellis**
Milestone Advisory Services, LLC
330 Madison Avenue, 9th Floor
New York, NY 10017

(These individuals may be contacted only through counsel)

These individuals may have knowledge about their individual decisions to become employed by Milestone.

**Sharon Siegel Voelzke**
Navigant

Ms. Voelzke has knowledge of her responsibility for and management of all client engagements, oversight of contracts, and staffing decisions related to Deutsche Bank on behalf of Navigant. Ms. Voelzke also has knowledge of Navigant's

intent to promote her instead of Varughese, an organizational chart reflecting such intent circulated by her via email, and her false assurances that this was not the case. Ms. Voelzke also has knowledge of false promises made to Varughese with regard to compensation and promotion, and of Navigant's established pattern of making compensation promises to potential recruits and not honoring such promises. Ms. Voelzke also has knowledge of Navigant's direction, for reasons related to Mr. Varughese's post-employment obligations to his former employer, that Mr. Varughese not have direct responsibility for Deutsche Bank during the course of his employment at Navigant, and statements to Bearing Point to that effect.

**Julie Howard**
Navigant

Ms. Howard has knowledge of Navigant's solicitation of Mr. Varughese to leave Bearing Point, Navigant's need for Mr. Varughese's skills, Mr. Varughese's conditions precedent to accepting a position at Navigant, the false promises made to Mr. Varughese by Navigant, and Navigant's established pattern of making compensation promises to potential recruits and not honoring such promises. Ms. Howard also has knowledge of Navigant's direction, for reasons related to Mr. Varughese's post-employment obligations to his former employer, that Mr. Varughese not have direct responsibility for Deutsche Bank during the course of his employment at Navigant, and statements to Bearing Point to that effect

**William Goodyear**
Navigant

Mr. Goodyear has knowledge of Navigant's solicitation of Mr. Varughese to leave Bearing Point, Navigant's need for Mr. Varughese's skills, Mr. Varughese's conditions precedent to accepting a position at Navigant and the false promises made to Mr. Varughese by Navigant. Mr. Goodyear also has knowledge of Navigant's direction, for reasons related to Mr. Varughese's post-employment obligations to his former employer, that Mr. Varughese not have direct responsibility for Deutsche Bank during the course of his employment at Navigant, and statements to Bearing Point to that effect

**Erik Linn**
Navigant

Mr. Linn has knowledge of Navigant's established pattern of making compensation promises to potential recruits and not honoring such promises, and is aware of the tendered resignation of David Kay as a result thereof. Mr. Linn

also has knowledge of efforts by Varughese and Kostakis before their respective departures from Navigant to develop an opportunity on behalf of Navigant at Morgan Stanley.

**Jennifer Page**
Navigant

Ms. Page has knowledge of the deployment of Dean Carson, Jeremy Glazer, and Shoma Vyas on behalf of Navigant during the month of April.

**Jordan Kuperschmid**

Mr. Kuperschmid has knowledge of efforts by Varughese and Kostakis on behalf of Navigant to transition a request for proposal ("RFP") from Pershing LLC.

**David Kay**
Navigant

Mr. Kay has knowledge of Navigant's established pattern of making compensation promises to potential recruits and not honoring such promises.

**Richard Fischer, Esq.**
Former Navigant

Mr. Fischer has knowledge of Navigant's direction, for reasons related to Mr. Varughese's post-employment obligations to his former employer, that Mr. Varughese not have direct responsibility for Deutsche Bank during the course of his employment at Navigant, and statements to Bearing Point to that effect by Navigant.

**Philip Steptoe, Esq.**
Former Navigant

Mr. Steptoe has knowledge of Navigant's direction, for reasons related to Mr. Varughese's post-employment obligations to his former employer, that Mr. Varughese not have direct responsibility for Deutsche Bank during the course of his employment at Navigant, and statements to Bearing Point to that effect by Navigant.

**Doug Reichert**
LECG (believed)

Mr. Reichert has knowledge of Navigant's solicitation of Mr. Varughese to leave Bearing Point, Navigant's need for Mr. Varughese's skills, Mr. Varughese's conditions precedent to accepting a position at Navigant, and the promises made

to Mr. Varughese by Navigant, as well as promises made to Kostakis. Mr. Reichert also has knowledge of the reiteration of the false promotion and compensation promises made to Varughese in Fall of 2005 and in early 2006, and of Navigant's established pattern of making compensation promises to potential recruits and not honoring such promises.

**William Isaacs, Chief Executive Officer**
**The Secura Group LLC**
1921 Gallows Road, Suite 950
Vienna, Virginia 22182

This individual has knowledge concerning a meeting in which Doug Reichert discussed the availability at Navigant of compensation packages for prospective Navigant incoming senior management in the amount of 20 percent of performance of the contemplated hire's group.

**Michael Mancusi, Chief Operating Officer**
**The Secura Group LLC**
1921 Gallows Road, Suite 950
Vienna, Virginia 22182

This individual has knowledge concerning a meeting in which Doug Reichert discussed the availability at Navigant of compensation packages for prospective Navigant incoming senior management in the amount of 20 percent of performance of the contemplated hire's group.

**Marcus Rule, Chief Executive Officer**
**Rule Financial**
Cable House, 4th Floor
54-62 New Broad Street
London EC2M 1ST

This individual has knowledge concerning a meeting in which Doug Reichert discussed the availability at Navigant of compensation packages for prospective Navigant incoming senior management in the amount of 20 percent of performance of the contemplated hire's group.

**John Moore**
**Former MA Partners (now Detica)**

This individual has knowledge concerning a meeting in which Doug Reichert discussed the availability at Navigant of compensation packages for prospective Navigant incoming senior management in the amount of 20 percent of performance of the contemplated hire's group.

Varughese expects that discovery may reveal that other persons, who likely are expected to include, without limitation, persons in Navigant's Human Resources and/or legal departments, may have relevant knowledge and reserves the right to amend these disclosures to include the same.

B. Documents, Electronically Stored Information, and Tangible Things That May be Used to Support Claims, Counterclaims or Defenses

Though Varughese reserves the right to rely on additional documents produced through discovery, based on present knowledge Varughese expects to rely on the following documents to support his counterclaims and defenses:

- correspondence from Navigant to Bearing Point concerning Varughese
- organizational chart circulated by Sharon Voelzke in October 2005
- records in the possession of Navigant reflecting Navigant's hiring and promotion history and practices, and discussing Varughese and Kostakis's hiring and the terms of that retention
- documents in the possession of Navigant reflecting net revenues for the GFI subpractice
- documents in the possession of Navigant discussing calculation of gross and net revenues
- documents reflecting the continued business relationship between Navigant and Deutsche Bank

C. Computation of Damages

Apart from punitive damages not presently subject to calculation, Varughese's damages are calculated according to the following calculation: Varughese was entitled to compensation not less than 20 % of the net revenue of the GFI subpractice. The difference between that amount and the amount actually paid to Varughese as compensation by Navigant is $1.2 million.

D. Insurance Agreements

Varughese is not aware of any applicable insurance agreement at this time relevant to the subject matter of the pleadings.

Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Varughese reserves the right to supplement and/or correct the disclosures made herein.

Dated: New York, NY
       August 20, 2007

                         COHEN & GRESSER LLP

By:            /s/           
    Karen Bromberg (KB 2153)
    Alexandra Wald (AW 0225)
    Marc Isserles
    100 Park Avenue, 23rd Floor
    New York, New York 10017
    (212) 957-7600

    Attorneys for Defendant and Counterclaim Plaintiff Jess Varughese