Peter N. Wang (PW 9216)
Robert A. Scher (RS 2910)
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016-1314
Telephone:    212.682.7474
Facsimile:    212.687.2329

and

Michael M. Conway (admitted *pro hac vice*)
Amy P. Purcell (admitted *pro hac vice*)
Rebecca R. Hanson (admitted *pro hac vice*)
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60610
Telephone:    312.832.4351
Facsimile:    312.832.4700

*Attorneys for Plaintiff-Counterdefendant
Navigant Consulting, Inc.*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NAVIGANT CONSULTING, INC., a Delaware corporation,<br><br>        Plaintiff-Counterdefendant,<br><br>   v.<br><br>JESS VARUGHESE, an individual,<br><br>        Defendant-Counterplaintiff. | Case No. 07 CIV 4854 (PKL)<br><br>**MOTION TO DISMISS AMENDED COUNTERCLAIM**<br><br>**JURY TRIAL DEMANDED** |

**MEMORANDUM IN SUPPORT OF
PLAINTIFF-COUNTERDEFENDANT NAVIGANT'S
<u>MOTION TO DISMISS AMENDED COUNTERCLAIM</u>**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. i

INTRODUCTION ............................................................................................................... 1

FACTUAL ALLEGATIONS OF THE COUNTERCLAIM......................................................... 3

ARGUMENT ....................................................................................................................... 5

A. Varughese Fails To State A Claim For Fraudulent Inducement. ....................... 6

B. Varughese Cannot State A Claim For Breach of Contract. ............................... 8

    1. The Unambiguous Written Employment Agreements Signed By Varughese Preclude His Contradictory Breach Of Contract Claim...................... 10

    2. The Written Employment Agreements Contain Integration Clauses That Prevent Varughese From Claiming That The Alleged Oral Promise Changed The Terms Of The Written Agreements. ............................................... 11

    3. The Parol Evidence Rule Prevents Varughese From Arguing That The Alleged Oral Promise Changed The Terms Of The Written Employment Agreements. ................................................................................... 13

CONCLUSION................................................................................................................... 14

## **TABLE OF AUTHORITIES**

**FEDERAL CASES**

*Amron v. Morgan Stanley Inv. Advisors, Inc.*,
    464 F.3d 338 (2d Cir. 2006) ................................................................................................6

*Banque Arabe Et Internationale D'Investissement v. Maryland Nat'l Bank*,
    850 F. Supp. 1199 (S.D.N.Y. 1994)......................................................................................7

*Bell Atlantic Corp. v. Twombly*,
    2007 U.S. LEXIS 5901, 550 U.S. __ (May 21, 2007)......................................................5, 11

*Brass v. Am. Film Tech., Inc.*,
    987 F.2d 142 (2d Cir. 1993)..................................................................................................3

*Carruthers v. Flaum*,
    450 F. Supp. 2d 288 (S.D.N.Y. 2006)..................................................................................13

*Century Pac., Inc. v. Hilton Hotels Corp.*,
    No. 03-Civ.-8258, 2004 U.S. Dist. LEXIS 6904 (S.D.N.Y. April 24, 2004) .......................13

*Cortec Indus. v. Sum Holding, L.P.*,
    949 F.2d 42 (2d Cir. 1991).....................................................................................................3

*Cruden v. Bank of N.Y.*,
    957 F.2d 961 (2d Cir. 1992) ................................................................................................13

*DDCLab Ltd. v. E.I. DuPont De Nemours & Co.*,
    NO. 03-CV-3654, 2005 U.S. Dist. LEXIS 2721 (S.D.N.Y. Feb. 18, 2005) ................... 13-14

*Hangzhou Silk Imp. & Exp. Corp. v. P.C.B. Int'l Indus., Inc.*,
    No. 00-Civ.-6344, 2002 U.S. Dist. LEXIS 16578 (S.D.N.Y. Sept. 5, 2002) ..........................6

*Holloway v. King*,
    361 F. Supp. 2d 351 (S.D.N.Y. 2005), *aff'd*, 161 F. Appx. 122 (2d Cir. 2005) .....................14

*Joseph Victori Wines v. Vina Santa Carolina S.A.*,
    933 F. Supp. 347 (S.D.N.Y. 1996) ......................................................................................13

*Manhattan Motorcars v. Automobili Lamborhini, S.P.A.*,
    No. 07-Civ.-978, 2007 U.S. Dist. LEXIS 49641 (S.D.N.Y July 9, 2007)..............................9

*Marketing/ Trademark Consultants, Inc. v. Caterpillar, Inc.*,
    No. 98-Civ.-2570, 1999 U.S. Dist. LEXIS 14256 (S.D.N.Y. Sept. 16, 1999) ........................9

*Morrissey v. GMC*,
    21 Fed. Appx. 70 (2d Cir. 2001) .................................................................................... 11-12

*Oxyn Telecomms., Inc. v. ONSE Telecom*,
    2003 U.S. Dist. LEXIS 17371 (S.D.N.Y. 2003) .................................................................... 13

*Paine Webber Inc. v. Bybyk*,
    81 F.3d 1193 (2d Cir. 1996) ................................................................................................. 13

*Sotheby's Fin. Servs. Inc. v. Baran*,
    No. 00-Civ.-7897, 2003 U.S. Dist. LEXIS 13079 (S.D.N.Y. July 29, 2003) ...................... 7-8

*Stanley v. Bray Terminals, Inc.*,
    197 F.R.D. 224 (N.D.N.Y. 2000) ......................................................................................... 13


**RULES**

Federal Rule of Civil Procedure 12(b)(6) ........................................................................... 1, 3, 5, 14

Plaintiff and Counterdefendant Navigant Consulting, Inc. ("Navigant"), by and through its attorneys, respectfully submits this memorandum of law in support of its Motion to Dismiss Counts I and II of Defendant and Counterplaintiff Jess Varughese ("Varughese")'s amended Counterclaim ("Counterclaim") against Navigant pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## INTRODUCTION

In response to Navigant's Complaint against Varughese for repayment of unearned compensation, breach of fiduciary duty, breach of contract, and violation of the federal Computer Fraud and Abuse Act by wiping his Navigant computer hard drive clean of all data, Varughese filed a two-count counterclaim (the "Original Counterclaim") allegedly arising in connection with his hiring in 2005 and his job slotting at Navigant.  After Navigant filed a Rule 12(b)(6) Motion to Dismiss Varughese's Original Counterclaim, Varughese reacted by retreating from his Original Counterclaim and filing an amended Counterclaim.  Navigant is now moving to dismiss the amended Counterclaim as, despite his best efforts, Varughese has still failed to state a claim for relief.

Even Varughese's addition of new allegations in an effort to correct failures in his Original Counterclaim (as pointed out in Navigant's original Motion to Dismiss) is not enough to save these inherently invalid claims.

First, Varughese's claims are barred by the written employment agreements governing his relationship with Navigant.  Though his employment terms and related compensation were defined in writing in a series of documents, Varughese has predicated his Counterclaim on alleged oral promises not reflected in the extensive written documentation.

Second, while he now asserts promises were made in relation to his employment at Navigant, Varughese accepted the benefit of his employment agreements with Navigant for more than a year and a half, and was well-compensated. He reaped more than $800,000 in a single year. The specifics of his position and compensation at Navigant are expressly laid out in agreements that Varughese signed – both at the beginning of his employment in 2005 and again in March 2007. The alleged oral promises that Varughese now asserts were made before and soon after he was hired are in direct conflict with these written employment agreements.

Taking all of Varughese's allegations as true for the purposes of this Motion, Varughese's claims are barred because he has forfeited his right to allege, as he does in Count I, that he was fraudulently induced into accepting employment with Navigant. The judicial admissions of the Counterclaim show that he ratified and affirmed his employment agreements with Navigant by continuing to accept the benefits of the agreements and by inducing Navigant to continue to perform under the agreements and under a subsequent employment agreement giving Varughese even more compensation, and thereby has pled himself out of court.

Varughese's newly added allegations that Navigant re-affirmed the alleged pre-employment oral promises are nothing more than an ill-fated attempt to get around the problems with Varughese's claims that were pointed out in Navigant's original Motion to Dismiss. Even with these new allegations, Varughese fails to state a cognizable claim.

The express language of Varughese's written employment agreements that he executed with Navigant (both in 2005 and 2007) bars any claims based on supposed oral agreements concerning the same subject matter. Varughese's breach of contract claim, as alleged in Count II, must be dismissed under the express terms of the written employment agreements, the integration clause doctrine, and the parol evidence rule.

For the reasons stated below, both Counts I and II should be dismissed for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

### FACTUAL ALLEGATIONS OF THE COUNTERCLAIM

When he was hired by Navigant in 2005, Varughese executed a number of employment-related agreements, including an Offer of Employment letter ("Offer Letter"), a Stock Award Agreement, and an Employment Incentive Recovery Agreement ("Recovery Agreement"). *See* Counterclaim, ¶¶ 153, 155, and 157;[1] *see also* Offer Letter signed by Varughese, which is attached to the accompanying Affirmation of Rebecca R. Hanson (the "Hanson Aff.") as Ex. 1; the signed Stock Award Agreement attached to Navigant's Complaint as Ex. D; and the signed Recovery Agreement attached to Navigant's Complaint as Ex. B. On a Motion to Dismiss, the Court may properly consider the full text of documents attached or incorporated into the Complaint or Counterclaim and the documents upon which the plaintiff or counterplaintiff relied on in bringing his or her claims. *Brass v. Am. Film Tech., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Cortec Indus. v. Sum Holding, L.P.*, 949 F.2d 42, 48 (2d Cir. 1991).

On July 15, 2005, Varughese signed the Offer Letter and the Recovery Agreement. Counterclaim, ¶ 156. On September 13, 2005, Varughese "agreed in writing to the terms" of his Stock Award Agreement. Counterclaim, ¶ 157. Varughese admitted executing an additional retention bonus agreement in March 2007 and receiving $115,000 under that

---

[1] In ¶¶ 180 and 196 of the Counterclaim, Varughese incorporates by reference ¶¶ 1-179 of the Answer and Counterclaim, which includes all of Varughese's affirmative allegations in the Answer. Varughese references his Offer Letter (attached to the accompanying Hanson Aff. at Ex. 1), his 2007 bonus agreement, and his other employment agreements attached to Navigant's Complaint in his Answer, so those documents are incorporated into his Counterclaim. Accordingly, for purposes of Rule 12(b)(6), these allegations and agreements are properly considered by the Court in determining if the Counterclaim states a claim for relief.

3

agreement.  *See* Varughese's Answer, ¶ 56, incorporated by reference in ¶¶ 180 and 196 of the Counterclaim.

        Varughese's personalized Offer Letter spells out the terms that "apply to [Varughese's] offer of employment," which included the details of Varughese's Base Salary, Employment Incentive Bonus (made contingent on Varughese accepting the terms of the attached "Recovery Agreement"), Annual Variable Incentive Compensation, Initial Equity Grant (referencing the Stock Award Agreement which the Offer Letter states would be "provided to [Varguhese] after [he] start[ed]"), Stock Ownership Guidelines, 401(k) Plan, Employee Stock Purchase Plan, Group Insurance Plan, Discretionary Time Off, and Severance.  *See* Offer Letter, Ex. 1.  Specifically, Varughese's Offer Letter provides that Varughese would receive a base salary of $450,000 per year, a one-time incentive bonus of $350,000, incentive compensation based on multiple variable factors, restricted Navigant stock that would vest on a schedule laid out in the agreement and other benefits.  *See Id.*; Offer Letter signed by Varughese and attached to Hanson Aff. as Ex. 1.

        As the Offer Letter shows, the Stock Award Agreement and the Recovery Agreement, along with the other agreements listed in the Offer Letter, were, therefore, meant to be a part of one larger, collective "written employment agreement" and, therefore, the "written employment agreement" does contain an integration clause because the Stock Award Agreement and the Recovery Agreement contain language forbidding outside agreements.  Even if these documents are not considered part of one, collective employment offer, the ways Navigant could use to compensate Varughese – namely by bonus or by award of stock – were the subject of these written agreements that did, in fact contain integration clauses.

4

Either way, Varughese's Stock Award Agreement contains an integration clause that states that "[t]he Plan, this Agreement and any documents expressly referred to herein constitute the entire agreement of the parties with respect to the subject matter hereof and any and all prior oral or written representations are merged into this Agreement." *See* Varughese's Form of Restricted Stock Award Agreement, ¶ 13, attached to Navigant's Complaint as Ex. D, and Varughese's Answer at ¶ 50, where he admits to signing the agreement. Similarly, Varughese's bonus agreements, one executed with his Offer Letter in 2005 and one executed in 2007, each contain a paragraph that states that the agreements "may be amended or modified only by written agreement duly executed by [Varughese] and NCI." *See* Varughese's Recovery Agreement signed by Varughese on July 15, 2005, ¶ 8 and Retention Bonus Recovery Agreement signed by Varughese on March 9, 2007, ¶ 8, attached to Navigant's Complaint as Exs. B and C respectively; *see also* Varughese's Answer, ¶¶ 38 and 56, where he admits signing the agreements.

Although contradicted by the express language of his employment agreements, Varughese now contends that Navigant made oral promises to him to make him head of Navigant's Financial Services Practice and for hefty compensation apart from what was provided for in his written agreements. (Counterclaim, at ¶ 151).

## ARGUMENT

Each of Counts I (Fraudulent Inducement) and II (Breach of Contract) of Varughese's Counterclaim fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Accepting Varughese's allegations as true, the Counterclaim should be dismissed because Varughese's allegations do not plausibly suggest that he has a right to relief and therefore he has pled himself out of court. *See Bell Atlantic Corp. v. Twombly*, 2007 U.S.

5

CHIC_1551855.3

LEXIS 5901, at *21-22, 550 U.S. __ (May 21, 2007); *see also Amron v. Morgan Stanley Inv. Advisors, Inc.*, 464 F.3d 338, 343 (2d Cir. 2006) (stating that the plaintiff must allege those facts necessary to a finding of liability), citing *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346-47 (2005).

### A.   Varughese Fails To State A Claim For Fraudulent Inducement.

To support a claim of fraudulent inducement, it is necessary for Varughese "to show, with specificity, that [Navigant] made a representation of material fact that was untrue and that it knew to be untrue or recklessly made at the time it was given, offered to deceive the other party and induce it to rely thereon to its detriment." *Hangzhou Silk Imp. & Exp. Corp. v. P.C.B. Int'l Indus., Inc.*, No. 00-Civ.-6344, 2002 U.S. Dist. LEXIS 16578, at *9-10 (S.D.N.Y. Sept. 5, 2002), citing *Chopp v. Welbourne & Purdy Agency, Inc.*, 522 N.Y.S.2d 367, 368 (3rd Dep't 1987).[2]

Varughese claims that "Navigant's breach of contract claims are barred because Navigant fraudulently induced Varughese to enter into the various agreements" and that "those agreements therefore must be rescinded" (*see* Varughese's Fourth Affirmative Defense, ¶ 128). For purposes of this Motion, assuming the truth of the allegation that Navigant fraudulently promised that he would be made head of the Financial Services Practice and that he should be compensated far beyond the amounts provided for in his written employment agreements, Varughese has pled himself out of court because he admittedly ratified and affirmed his employment agreements with Navigant and cannot now claim that he was induced into accepting the agreements' terms.

---

[2] Navigant denies making any fraudulent statements to induce Varughese to accept employment at Navigant, and, if the Counterclaim were to proceed beyond the pleading stage, Navigant is prepared to prove as much.

6

Varughese forfeited the legal right to complain about being wrongfully induced into accepting employment by affirming the employment agreements and by continuing to reap the financial and business benefits of the agreements. Varughese thereby induced Navigant to continue to perform under the agreements until he decided to leave Navigant to form his competing business.

"Where a party engages in acts inconsistent, with disaffirmance, such as acceptance of benefits under the contract or the exercise of dominion over the subject matter of the transaction, he will lose the right to rescind." *Banque Arabe Et Internationale D'Investissement v. Maryland Nat'l Bank*, 850 F. Supp. 1199, 1212 (S.D.N.Y. 1994), citing *Gannett Co. Inc. v. Register Pub. Co.*, 428 F. Supp. 818, 824 and 826 (D. Conn. 1977). Varughese has admitted that he received a salary, bonus payments, and other benefits during his employment with Navigant. *See* Varughese's Answer, ¶ 19, 56. Count I of Varughese's counterclaim, therefore, must be dismissed for failure to state a claim.

Additionally, "a party who re-affirms his contractual obligations in a subsequent written agreement is precluded from asserting defenses to those obligations under that agreement." *Sotheby's Fin. Servs. Inc. v. Baran*, No. 00-Civ.-7897, 2003 U.S. Dist. LEXIS 13079, at *19 (S.D.N.Y. July 29, 2003) (*aff'd* 2004 U.S. Appx. LEXIS 13578 (2d Cir. 2004) (citing *Barrier Sys. v. A.F.C. Enters., Inc.*, 264 A.D.2d 432 (N.Y. App. Div. 1999) (holding that after retaining benefit of agreement and entering subsequent modification agreement, defendant is precluded from asserting fraudulent inducement). Varughese "re-affirmed" his initial employment agreements when he signed a second Retention Bonus Recovery Agreement in 2007. *See* Navigant's Complaint, ¶ 56 and Varughese's Answer, ¶ 56, where he admits signing the agreement. Varughese went so far as to have his attorney review the agreement before he

7

signed it in March 2007. *Id.* Varughese now contends that he is dissatisfied with the compensation he received from Navigant, and that he was fraudulently induced into accepting it in 2005, yet he – a savvy businessman who had the advice of counsel – affirmed Navigant's compensation arrangement by signing the 2007 agreement with Navigant.

By signing the 2007 agreement, Varughese has also forfeited the opportunity to complain about his job slotting at Navigant. Varughese claims that in October 2005 – "just one month after Varughese joined Navigant" – Varughese became aware that he would not be made head of the Financial Services Practice. *See* Varughese's Counterclaim, ¶ 175. Despite Varughese's alleged dissatisfaction with his job slotting, Varughese reaffirmed his employment terms with Navigant by signing the 2007 agreement – without complaint – a full year and a half after becoming aware that he would not be made head of that practice. Just as with his compensation, since he reaffirmed the original agreements he made with Navigant in writing in March 2007, Varughese is now barred from claiming he was fraudulently induced into accepting their terms in 2005-06 and, therefore, this Court should dismiss Count I of the Counterclaims.[3]

### B. Varughese Cannot State A Claim For Breach of Contract.

Varughese has failed to state a claim for breach of contract. Varughese's claim that Navigant breached its contract with Varughese by not providing him with additional bonuses to raise his overall compensation to equal 20% of the net revenue generated by the GFI

---

[3] Varughese's allegations that Navigant "reaffirmed" its alleged oral promises are of no moment because even if these promises were made, Varughese reaffirmed the written agreements at least an entire year later with no mention of his supposed dissatisfaction. Varughese's reaffirmation of the written agreements bars him from now claiming he was fraudulently induced into accepting the terms of his employment with Navigant. *See Sotheby's*, No. 00-Civ.-7897, 2003 U.S. Dist. LEXIS 13079, at *19. While the telling fact that Varughese made no such allegation when he first filed his Original Counterclaim on June 28, 2007 casts grave doubt about the reliability of the allegation, this Court need not delve into this issue as even this after-thought allegation does not correct the inherent deficiencies in Varughese's claim.

subpractice is barred by the express language of the written agreements, the integration clause doctrine, and the parol evidence rule.

To establish a breach of contract under New York law, a party must prove "(1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages." *Manhattan Motorcars v. Automobili Lamborhini, S.P.A.*, No. 07-Civ.-978, 2007 U.S. Dist. LEXIS 49641, at *13-14 (S.D.N.Y July 9, 2007). Because the interpretation of a contract is a question of law to be determined by the court, this Court may dismiss a complaint based on a contract if the contract unambiguously shows that the plaintiff is not entitled to the requested relief. *Marketing/ Trademark Consultants, Inc. v. Caterpillar, Inc.*, No. 98-Civ.-2570, 1999 U.S. Dist. LEXIS 14256, at *6, (S.D.N.Y. Sept. 16, 1999). The express language of the written employment agreements in this case unambiguously shows that Varughese is not entitled to relief.

First, the written employment agreements executed by Varughese after the alleged promises were made explicitly reserve the right for Navigant to adjust Varughese's compensation according to a number of factors, including its sole discretion. *See* Offer Letter signed by Varughese, attached to Hanson Aff., Ex. 1 and other employment documents attached to Navigant's Complaint at Exhibits B and D. Moreover, in contrast to Varughese's allegation that he was orally promised compensation equal to 20% of the net revenue of the GFI subpractice, the written employment agreements that he later signed explicitly provides for a different amount of compensation. *See Id*.

Second, the integration clauses in the written employment agreements prevent Varughese from offering other agreements, not incorporated into the written employment

9

agreements, to show that he was entitled to something other than what the written agreements provided him.

Third, the parol evidence rule bars any claim based on an oral agreement that contradicts the express terms of the written agreement.

### 1. The Unambiguous Written Employment Agreements Signed By Varughese Preclude His Contradictory Breach Of Contract Claim.

While Varughese claims that Navigant promised him a hefty percentage of the net revenue generated by the GFI subpractice,[4] the plain language of the Offer Letter that he signed — which Varughese was free to amend or even to refuse to sign — eviscerated any such alleged promise as it explicitly allowed Navigant to adjust Varughese's compensation in accordance with a number of factors. For example, the letter states:

> **Annual Variable Incentive Compensation.** You will be eligible in NCI's Variable Incentive Compensation program in 2005. This program provides annual cash payments made in the first quarter of the year following each fiscal year. Payment would be contingent on the financial performance of NCI, the achievement of certain goals by the Financial Insurance & Claims Practice, your personal utilization rate and your performance the prior fiscal year.

Offer Letter signed by Varughese, p. 1, attached to Hanson Aff., Ex. 1. Additionally, in the same Offer Letter, Navigant included a statement that "[Navigant] reserves the right to periodically review and adjust *each* of its compensation and benefit programs it offers to you in its sole discretion." *Id.* at p. 2 (emphasis added). Based on this unambiguous language, Navigant's reservation of the right to alter Varughese's compensation would include the right to alter any

---

[4] Logic undermines Varughese's fanciful allegation. If sophisticated parties – and after all, Varughese repeatedly touts his business skill and acumen (Counterclaim ¶¶ 136, 161) – had decided that compensation would be based on a percentage of "net revenue" in a specific practice group, the formula for net revenue and the parameters of how revenue was attributable to a practice group would have been spelled out in precise detail in a written document, so that the payment amounts due could be verified. However, the court need not consider the illogic of Varughese's premise in order to grant this motion.

oral promises allegedly made by Navigant to Varughese. Varughese accepted these terms by signing his employment agreements and, therefore, is unable to claim that Navigant owes him anything beyond what it has already provided him in terms of compensation pursuant to the written agreements.

> 2. *The Written Employment Agreements Contain Integration Clauses That Prevent Varughese From Claiming That The Alleged Oral Promise Changed The Terms Of The Written Agreements.*

Varughese's allegation that Navigant made this oral agreement with him, even if accepted as true, cannot work to undermine the plain language of his written agreements with Navigant and, therefore, Varughese cannot prove the facts necessary to support his claim and it should be dismissed. *See Bell Atlantic*, 2007 U.S. LEXIS 5901, at *21-22.

Navigant's alleged oral promise is not reflected or incorporated in the written agreements, which are unambiguous in their expression of Varughese's compensation. *See* employment agreements, attached to Hanson Aff., Ex. 1 and to Navigant's Complaint at Exs. B-D. Varughese cannot use the alleged oral promise to override the written terms of the employment agreements.

Varughese's personalized Offer Letter from Navigant expressly and comprehensively laid out the terms of his employment, specifically referencing Varughese's bonus Recovery Agreement and his Stock Award Agreement. *See* Offer Letter, Ex. 1. These documents, therefore, should be considered a singular "agreement." This singular "agreement" thereby included an integration clause. Even if they are not considered as a singular agreement, the ways Navigant could use to compensate Varughese – namely by bonus or award of stock – were the subject of these written agreements that did, in fact, contain integration clauses. "[A] merger clause provision indicates that the subject agreement is completely integrated." *Morrissey v. GMC*, 21 Fed. Appx. 70, at *73 (2d Cir. 2001) (citing *Tempo Shain Corp. v. Bertek,*

11

*Inc.*, 120 F.3d 16, 20 (2d Cir. 1997). As a result, Varughese is barred from using "prior oral statements" to "refute the unambiguous terms of a written, integrated contract." *Id.*

Varughese's Stock Award Agreement contains a integration clause that states that "[t]he Plan, this Agreement and any documents expressly referred to herein constitute the entire agreement of the parties with respect to the subject matter hereof and any and all prior oral or written representations are merged into this Agreement." *See* Varughese's Form of Restricted Stock Award Agreement, at ¶ 13, attached as Ex. D to Navigant's Complaint and Varughese's Answer, ¶ 157, where he admits to signing the agreement. Similarly, Varughese's bonus agreements, one executed in 2005 and one in 2007, each contain a paragraph that states that the agreements "may be amended or modified only by written agreement duly executed by [Varughese] and NCI." *See* Varughese's Employment Incentive Recovery Agreement dated June 29, 2005, ¶ 8, attached as Ex. B. to Navigant's Complaint and Varughese's Answer at ¶ 156, where he admits to signing the agreement; *see also* Varughese's Retention Bonus Recovery Agreement dated March 9, 2007, ¶ 8, attached as Ex. C to Navigant's Complaint and referenced in Varughese's Answer at ¶ 56, where he admits signing the agreement.[5] Because Varughese's written employment agreements were integrated, Varughese cannot assert an oral promise to refute the terms of these written agreements.

---

[5] As this collection of documents is properly defined as his "written employment agreement," the fact that there is no separate integration clause in the June 2005 offer letter is of no moment as the documents are construed together and the integration provision applies to the employment agreements in toto.

CHIC_1551855.3

       *3.*      *The Parol Evidence Rule Prevents Varughese From Arguing That The Alleged Oral Promise Changed The Terms Of The Written Employment Agreements.*

Even if the agreements are not viewed as "integrated," Varughese still cannot use the alleged oral promise to contradict the terms of the written agreement. "[B]asic contract principles dictate that [a court] cannot utilize [parol] evidence to contradict the express terms of an unambiguous contract." *Stanley v. Bray Terminals, Inc.*, 197 F.R.D. 224, 230 (N.D.N.Y. 2000); *see also Oxyn Telecomms., Inc. v. ONSE Telecom*, 2003 U.S. Dist. LEXIS 17371, at *12-13 (S.D.N.Y. 2003). Even where a writing is not integrated, parol evidence "of additional contract terms may be admitted to complete the agreement" only if "the additional terms do not contradict the written terms." *Joseph Victori Wines v. Vina Santa Carolina S.A.*, 933 F. Supp. 347, 352 (S.D.N.Y. 1996); *see also Carruthers v. Flaum*, 450 F. Supp. 2d 288, 310 (S.D.N.Y. 2006). Additionally, "[u]nder New York law, a written contract is to be interpreted so as to give effect to the intention of the parties as expressed in the unequivocal language they have employed," *Century Pac., Inc. v. Hilton Hotels Corp.*, No. 03-Civ.-8258, 2004 U.S. Dist. LEXIS 6904 (S.D.N.Y. April 24, 2004), and in "interpreting a contract, words and phrases are given their plain meaning." *Paine Webber Inc. v. Bybyk*, 81 F.3d 1193, 1199 (2d Cir. 1996) (citations omitted). "A court may neither rewrite, under the guise of interpretation, a term of the contract when the term is clear and unambiguous, nor redraft a contract to accord with its instinct for the dispensation of equity upon the facts of a given case." *Cruden v. Bank of N.Y.*, 957 F.2d 961, 976 (2d Cir. 1992) (citations omitted). The parole evidence rule bars alleged oral promises that contradict written agreements, regardless of whether the alleged promise was made before or after the written agreement was executed. *See DDCLab Ltd. v. E.I. DuPont De Nemours & Co.*, NO. 03-CV-3654, 2005 U.S. Dist. LEXIS 2721, at *9-13 (S.D.N.Y. Feb. 18, 2005) (dismissing claims based on oral promises in presence of written agreement covering same general subject).

13

The alleged oral promise to provide Varughese 20% of the net revenue of the GFI subpractice conflicts with the provisions of the written employment agreements Varughese executed with Navigant. The written employment agreements signed by Varughese, unlike the alleged oral promise, provide that Varughese would receive a base salary of $450,000 per year, that he would receive a one-time incentive bonus of $350,000, incentive compensation that would be based on a number of variable factors, restricted Navigant stock in the amount equal to $500,000 that would vest on a schedule laid out in the agreement, as well as other benefits. *See* Varughese's Answer, ¶¶ 156-57, where Varughese admits to signing the agreement and Exs. B-D of Navigant's Complaint. Since the terms of the alleged oral agreement and the terms of the written agreement conflict, Varughese is barred from alleging that the alleged oral agreement was in effect.

This Court may rely upon the parol evidence rule to grant a Fed. R. Civ. P. 12(b)(6) motion to dismiss a contract claim. *Holloway v. King*, 361 F. Supp. 2d 351, 358 (S.D.N.Y. 2005), *aff'd*, 161 F. Appx. 122, *124 (2d Cir. 2005); *DDCLab Ltd.*, 2005 U.S. Dist. LEXIS 2721, at *12-13. Varughese has failed to point to any written amendment or modification that would require Navigant to go beyond what it was obligated to compensate Varughese under the written agreements and therefore his counterclaim for breach of contract must fail and this Court should dismiss Count II for Breach of Contract.

## **CONCLUSION**

For the reasons stated herein, Navigant respectfully requests that this Court enter an order (1) dismissing Counts I and II of Varughese's Counterclaim with prejudice; and (2) granting Navigant any other and further relief as this Court deems appropriate.

| | |
|---|---|
| Dated: August 22, 2007<br>Chicago, Illinois | FOLEY & LARDNER LLP<br><br>By: /s/ Rebecca R. Hanson<br><br>Peter N. Wang (PW 9216)<br>Robert A. Scher (RS 2910)<br>FOLEY & LARDNER LLP<br>90 Park Avenue<br>New York, NY 10016<br>Telephone: 212.682.7474<br>Facsimile: 212.687.2329<br><br>and<br><br>Michael M. Conway (admitted *pro hac vice*)<br>Amy P. Purcell (admitted *pro hac vice*)<br>Rebecca R. Hanson (admitted *pro hac vice*)<br>FOLEY & LARDNER LLP<br>321 North Clark Street, Suite 2800<br>Chicago, IL 60610<br>Telephone: 312.832.4351<br>Facsimile:  312.832.4700<br><br>*Attorneys for Plaintiff/Counterdefendant Navigant Consulting, Inc.* |

15