Peter N. Wang (PW 9216)
Robert A. Scher (RS 2910)
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016-1314
Telephone:    212.682.7474
Facsimile:    212.687.2329

and

Michael M. Conway (admitted *pro hac vice*)
Amy P. Purcell (admitted *pro hac vice*)
Rebecca R. Hanson (admitted *pro hac vice*)
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60610
Telephone:    312.832.4351
Facsimile:    312.832.4700

*Attorneys for Plaintiff-Counterdefendant*
*Navigant Consulting, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

NAVIGANT CONSULTING, INC., a Delaware
corporation,

        Plaintiff-Counterdefendant,

    v.

JESS VARUGHESE, an individual,

        Defendant-Counterplaintiff.

Case No. 07 CIV 4854 (PKL)

**REPLY IN SUPPORT OF MOTION**
**TO DISMISS AMENDED**
**COUNTERCLAIM**

**JURY TRIAL DEMANDED**

**REPLY MEMORANDUM IN SUPPORT OF**
**PLAINTIFF-COUNTERDEFENDANT NAVIGANT'S**
**MOTION TO DISMISS AMENDED COUNTERCLAIM**

# TABLE OF CONTENTS

Page

ARGUMENT ..................................................................................................................... 1

A.    Varughese Fails to State a Claim for Breach of Contract ..................................................... 1

    i.    The Unambiguous Written Employment Agreements Signed By
Varughese Preclude His Contradictory Breach of Contract Claim. ....................... 1

    ii.    The Offer Letter, Together With The Documents It References, And The
Surrounding Circumstances Demonstrate That The Employment
Agreements Constitute One Fully Integrated Agreement...................................... 3

    iii.    The Written Employment Agreements Contain Integration Clauses That
Prevent Varughese From Claiming That The Alleged Oral Promise
Changed Their Terms. ........................................................................................ 6

    iv.    The Alleged Oral Promise Conflicts With, And Is Barred By, The Written
Employment Agreements.................................................................................... 8

B.    Varughese Fails to State a Claim for Fraudulent Inducement. ........................................... 9

CONCLUSION ............................................................................................................... 10

CHIC_1629132.4

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Adler & Shaykin v. Wachner*,
 721 F. Supp. 472 (S.D.N.Y. 1988) ....................................................................... 4-5

*Andreasen, Inc. v. Orly Int'l, Inc.*,
 No. 88 Civ. 3529 (KMW), 1990 U.S. Dist. LEXIS 8810 (S.D.N.Y. July 17, 1990) ...............2

*Arias-Zeballos v. Tan*,
 No. 06 Civ. 1269 (GEL), 2006 U.S. Dist. LEXIS 78884 (S.D.N.Y. Oct. 26, 2006) ...............5

*Bell Atlantic Corp. v. Twombly*,
 2007 U.S. LEXIS 5901, 550 U.S. __ (May 21, 2007) ...........................................................1

*Carruthers v. Flaum*,
 450 F. Supp. 2d 288 (S.D.N.Y. 2006) ....................................................................8

*Cruden v. Bank of N.Y.*,
 957 F.2d 961 (2d Cir. 1992) ....................................................................2

*DDCLAB Ltd. v. E.I. Du Pont*,
 No. 03 Civ. 3654 (GBD), 2005 U.S. Dist. LEXIS 2721 (S.D.N.Y. Feb. 18, 2005) ...............3

*E.G.L. Gem Lab Ltd. v. Gem Quality Institute, Inc.*,
 90 F. Supp. 2d 277 (S.D.N.Y. 2000) ....................................................................5

*Harden v. Warner Amex Cable Communs. Inc.*,
 642 F. Supp. 1080 (S.D.N.Y. 1986) ....................................................................5

*Hyman v. IBM Corp.*,
 No. 98 Civ. 1371 (JSM), 2000 WL 1538161 (S.D.N.Y. Oct. 17, 2000) ..................................9

*Lam v. American Express Co.*,
 265 F. Supp. 2d 225 (S.D.NY. 2003)....................................................................9

*Morgan Stanley High Yield Sec., Inc. v. Seven Circle Gaming Corp.*,
 269 F. Supp. 2d 206 (S.D.N.Y. 2003)................................................................... 4-6

*Mun. Capital v. Page*,
 181 F. Supp. 2d 379 (S.D.N.Y. 2002)....................................................................4, 7

*Paine Webber Inc. v. Bybyk*,
 81 F.3d 1193 (2d Cir. 1996)....................................................................2

*Salzmann v. Prudential Sec., Inc.*,
 No. 91 Civ. 4253 (KTD), 1994 U.S. Dist. LEXIS 6377 ....................................................6

ii

*Stanley v. Bray Terminals, Inc.*,
    197 F.R.D. 224 (N.D.N.Y. 2000) ..............................................................................5

*Stewart v. Jackson & Nash*,
    976 F.2d 86 (2d Cir. 1992)............................................................................... 9-10

*Wayland Investment Fund, LLC v. Millennium Seacarriers, Inc.*,
    111 F. Supp. 2d 450 (S.D.N.Y. 2000)............................................................... 5-8

*Wilson-Gray v. Jay Feinberg Ltd.*,
    No. 90 Civ. 0001 (MBM), 1990 U.S. Dist. LEXIS 16956 (S.D.N.Y. Dec. 17, 1990)... .. 5-6, 8

**RULES**

Federal Rule of Civil Procedure 12(b)(6) ...........................................................1, 3, 10

CHIC_1629132.4

Plaintiff/Counterdefendant Navigant Consulting, Inc. ("Navigant") respectfully submits this reply in support of its Motion to Dismiss Defendant/Counterplaintiff Varughese's Amended Counterclaim against Navigant pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.[1]  In reply, Navigant states as follows:

<h1 style="text-align:center"><u>ARGUMENT</u>[2]</h1>

**A.      Varughese Fails to State a Claim for Breach of Contract**

      i.      *The Unambiguous Written Employment Agreements Signed By Varughese Preclude His Contradictory Breach of Contract Claim.*

Varughese's Offer Letter, signed by both parties, unambiguously and expressly states that Navigant "reserves the right to periodically review and adjust *each* of its compensation and benefit programs it offers to you in its sole discretion."  Offer Letter, p. 3 (emphasis added).  This contractual term was in full force and effect during his employment by Navigant and defeats Varughese's claim that Navigant breached a contractual duty by not paying him compensation in excess of amounts specified in his signed agreements.  Varughese tries to circumvent this express language by inventing two categories of compensation and then builds on this fiction by claiming that one of the categories is not encompassed by the Offer Letter.  *See* Response, p. 10.  This argument is nonsense.   Navigant does not have two compensation

---

[1]  Varughese claims that Navigant "inexplicably rejected" his request to consolidate this case with a separate action against Konstantine Kostakis, pending before Judge Sifton in the Eastern District of New York, No. 07 CIV 2302.  *See* Varughese's Response, p. 1, fn. 1.  Navigant brought separate suits against Varughese and Kostakis in two separate courts because it was obligated to do so under contract provisions, each of which had its own exclusive forum selection clause negotiated by Varughese and Kostakis individually to require suit to be brought only in the district in which each lived.  This fact demonstrates the bargaining power of Varughese in negotiating the written terms of his employment agreement.

[2]  Under the applicable standard for a Motion to Dismiss, Varughese's claim should be dismissed because his allegations do not plausibly suggest that he has a right to relief and therefore he has pled himself out of court. *See Bell Atlantic Corp. v. Twombly*, 2007 U.S. LEXIS 5901, at *21-22, 550 U.S. __ (May 21, 2007).

programs – a "formal" and "informal" program – and no part of his compensation package was left unaddressed in Varughese's signed Offer Letter.  Neither the contract nor the law supports his argument.  There are no words of limitation in the clause investing Navigant with sole discretion over Varughese's compensation.  *See Paine Webber Inc. v. Bybyk*, 81 F.3d 1193, 1199 (2d Cir. 1996).  Moreover, the only means by which Navigant, a publicly-owned corporation, would compensate Varughese would be through an existing and above-board "formal" compensation program.

Despite his attempts, Varughese cannot escape the binding legal effect of the straight-forward term in the Offer Letter, which he signed, granting Navigant sole discretion to determine his compensation.  As "[a] Court may neither rewrite, under the guise of interpretation, a term of the contract when the term is clear and unambiguous, nor redraft a contract to accord with its instinct for the dispensation of equity upon the facts of a given case," *Cruden v. Bank of N.Y.*, 957 F.2d 961, 976 (2d Cir. 1992) (citations omitted), Varughese is barred from asserting an oral promise for compensation in conflict with the express terms of the written agreement delineating his specified compensation.

Similarly, Varughese cannot salvage Count II by adding allegations of post-employment promises by Navigant.  *See* Amended Counterclaim, ¶ 201.  The alleged post-employment promises, just like the pre-employment promises, are barred by Navigant's express reservation, in the written employment agreements, that it has the right to adjust any compensation package offered to Varughese.  *See* Offer Letter, p. 3.  There being no time limitation on this clause, any subsequent compensation promise would remain subject to it.  Additionally, oral modifications to a written contract by subsequent oral agreement are forbidden in the presence of a provision forbidding such modifications.  *Andreasen, Inc. v. Orly Int'l, Inc.*,

CHIC_1629132.4

No. 88 Civ. 3529 (KMW), 1990 U.S. Dist. LEXIS 8810, *19 (S.D.N.Y. July 17, 1990)

(emphasis added); *DDCLAB Ltd. v. E.I. Du Pont*, No. 03 Civ. 3654 (GBD), 2005 U.S. Dist.

LEXIS 2721, *13 (S.D.N.Y. Feb. 18, 2005) (dismissing plaintiff's breach of contract claim

because no written modification had occurred, as contract required for amendment).

Because Varughese's 2005 bonus agreement, referenced in and attached to the

Offer Letter, states that the agreement "may be amended or modified only by written agreement

duly executed by [Varughese] and NCI," Varughese's written employment agreement legally can

be changed only by written agreement. *See* Signed Employment Incentive Recovery Agreement,

¶ 8, attached to Ex. B to the Complaint. Furthermore, Varughese signed another bonus

agreement in 2007 for further compensation which contained an identical clause, signaling that

Navigant intended that all compensation terms were (i) contained in a written agreement and (ii)

subject to modification only by written agreement. *See* March 9, 2007 Retention Bonus

Recovery Agreement, ¶ 8, attached as Ex. C to the Complaint.[3] This document was executed

<u>after</u> the alleged oral promises were made. The mechanism through which Varughese's alleged

post-employment promises would be accomplished – the bonus structure – was governed by

agreements expressly prohibiting oral modification. Because Varughese's allegations of oral

promises for additional compensation are not in writing, his breach of contract count fails to state

a claim for relief.

ii.    *The Offer Letter, Together With The Documents It References, And The Surrounding Circumstances Demonstrate That The Employment Agreements Constitute One Fully Integrated Agreement.*

---

[3] Varughese has incorporated by reference his answer (and affirmative defenses) into Count II of his counterclaim (Paragraph 196) , so his admission in Paragraph 56 of the Answer that he executed Exhibit C is part of the Counterclaim's allegations and may be considered in ruling on Navigant's Rule 12(b)(6) motion.

3

This Court should, alternatively, find that the Offer Letter and the documents it references is a fully integrated agreement by "reading the writing in the light of surrounding circumstances, and by determining whether or not the [other] agreement[s were ones] which the parties would ordinarily be expected to embody in the writing." *Mun. Capital v. Page*, 181 F. Supp. 2d 379, 393 (S.D.N.Y. 2002). The factors courts consider include, among others, whether the document refers to the oral agreement, whether the oral agreement is complex and "customarily" reduced to writing, whether parties were represented by counsel, how long parties negotiated, whether the condition at issue is "fundamental," and whether the document includes language indicating that it embodied the understanding of the parties. *Morgan Stanley High Yield Sec., Inc. v. Seven Circle Gaming Corp.*, 269 F. Supp. 2d 206, 212-14 (S.D.N.Y. 2003).

Varughese's Offer Letter and the documents that it references contain many of the factors found in *Morgan Stanley* and should be considered to be integrated as one agreement. Varughese admits that the Offer Letter does not refer to Navigant's alleged oral compensation promise. *See* Response, p. 17. He also admits that the issue of compensation was fundamental to his decision to leave Navigant. Amended Counterclaim, ¶ 199 (where he called the alleged oral promise a "material term of his employment agreement with Navigant"). Additionally, Varughese negotiated the terms of his employment offer over the course of several months – a sign that the resulting document was integrated. *See Morgan Stanley*, 269 F. Supp. 2d at 212-14.

Lastly, the Offer Letter states that the "following terms will apply to this offer of employment" (*see* p. 1) and the offer was set to expire at a particular point if Varughese did not provide "written acceptance" of the terms (*see* p. 3). The words used in the Offer Letter executed between Navigant and Varughese "indicate an intention to address fully the issue of the [agreement] and to be bound by the terms of the agreement." *Adler & Shaykin v. Wachner*, 721

4

F. Supp. 472, 477 (S.D.N.Y. 1988). No "talismanic" words are necessary and Navigant's Offer

Letter terms suffice. *See Wilson-Gray v. Jay Feinberg Ltd.*, No. 90 Civ. 0001 (MBM), 1990

U.S. Dist. LEXIS 16956, at *5 (S.D.N.Y. Dec. 17, 1990) (finding "This letter will serve to

outline briefly the details of our agreement" to be sufficient to show that the letter was

integrated) citing *Namad v. Salomon Inc.*, 147 A.D. 2d 385, 387 (1st Dept 1989) (finding "[we]

wish to set forth our agreement for your continued employment by the [] organization" to be

sufficient to show that the parties intended the written document to contain all of their agreement

and finding it unnecessary for the document to "contain any 'talismanic lawyers' phrases").[4]

   The "surrounding circumstances," therefore, show that the alleged oral promise

was "'so clearly connected with the principal transaction as to be part and parcel of it.'" *Adler*,

721 F. Supp. at 478 (citing *Mitchill v. Lath*, 247 N.Y. 377, 381 (1928)) and therefore,

Varughese's alleged oral promise is barred.[5] Because it is "part and parcel" of the offer of

employment, it is "precisely the sort of provision the parties would ordinarily be expected to

---

[4] Varughese contends that he was not represented by counsel (Response, p. 18), but this is just one factor, and is outweighed by the numerous other factors suggesting the agreement is integrated.

[5] Varughese overstates the scope of what the court stated in *Salzmann v. Prudential Securities, see* Response, p. 19, by overemphasizing that the court said it would be "impossible" to determine whether the parol evidence rule applied at the pleading stage where there was no integration clause. He fails to mention that the court found it "impossible" in that case because there were *no* allegations as to the integration of the written agreement. In contrast, the Counterclaim (and the Answer it incorporates by reference) plead sufficient information for this Court to apply the *Morgan Stanley* factors. *See Arias-Zeballos v. Tan*, No. 06 Civ. 1269 (GEL), 2006 U.S. Dist. LEXIS 78884, *24-25 (S.D.N.Y. Oct. 26, 2006) (*Morgan Stanley* factors are highly fact-dependent, yet court did not decline to weigh the factors); *Harden v. Warner Amex Cable Communs. Inc.*, 642 F. Supp. 1080, 1094 (S.D.N.Y. 1986) (agreement not fully integrated because it lacked integration clause and was drafted by the employer, but also because the agreement actually referred to the oral promise at issue, the parties had intended the agreement to merely be an "outline" of a gentlemen's understanding); *E.G.L. Gem Lab Ltd. v. Gem Quality Institute, Inc.*, 90 F. Supp. 2d 277, 304 (S.D.N.Y. 2000) (finding no integration where the agreement contained an express reference to the oral promise, letter was ambiguous as to key issues). While such an analysis is "highly fact-dependent" as the case law suggests, courts, including this Court, do not shy away from engaging in such determinations and have repeatedly dismissed claims on a Rule 12(b) Motion by finding that an agreement is fully integrated. In *Wayland*, the court dismissed the breach of contract claim on a Motion to Dismiss finding that because the agreements were fully integrated "in light of the surrounding circumstances," the parol evidence rule precluded extrinsic evidence. 111 F. Supp. 2d at 455. *See also, Stanley v. Bray Terminals, Inc.*, 197 F.R.D. 224, 230 (N.D.N.Y. 2000) (court dismissed breach of contract counterclaims on a Motion to Dismiss because agreement at issue was not ambiguous, and therefore parol evidence was barred).

CHIC_1629132.4

embody in the writing." *Id.* at 478.  In *Wilson-Gray*, the court noted that, "[g]iven the importance plaintiff claims she attached to an agreement that she was employed by Garfinkle personally, the alleged oral agreement here is just the sort of agreement 'which the parties would ordinarily be expected to embody in the writing.'"  *Wilson-Gray*, 1990 U.S. Dist. LEXIS 16956, at *8.  *See also*, *Morgan Stanley*, 269 F. Supp. 2d at 214 (S.D.N.Y. 2003) (court found it "difficult to believe that a term so crucial to the enforceability of a contract…would not ordinarily be included in a contract").[6]

Again, Varughese stated that the alleged oral promise was of critical importance to him and had swayed him to leave BearingPoint to join Navigant.  Amended Counterclaim, ¶ 199 (calling the oral promise a "material term").  Under *Wilson-Gray* and *Morgan Stanley*, it appears inconceivable that he would leave a "material term" out of the contract, even if, as Varughese claims, it was Navigant's custom not to include it.  It leads one to think that the "fact that these terms were not included in the contract could indicate that they were not part of the bargain."  *Salzmann v. Prudential Sec., Inc.*, No. 91 Civ. 4253 (KTD), 1994 U.S. Dist. LEXIS 6377, * 26, n. 6 (S.D.N.Y., May 16, 1994).

      iii.    *The Written Employment Agreements Contain Integration Clauses That Prevent Varughese From Claiming That The Alleged Oral Promise Changed Their Terms.*

Varughese has acknowledged that his employment agreements with Navigant (the signed Offer Letter and agreements referenced in it) constitute a singular "written employment

---

[6] In *Wayland Investment Fund, LLC v. Millennium Seacarriers, Inc.*, 111 F. Supp. 2d 450, (S.D.N.Y. 2000) – a case that Varughese cites – the court noted that "[o]n their face, the terms of the Exchange Notes and Indenture are complete" because they involve the types of "considerations that normally arise in the context of an arrangement for the payment of interest on a note."   The court determined that "the interest rate 'would hardly have been omitted'—and, in fact, was not omitted – from the terms of the Exchange Note."  *Id.* citing *Braten v. Bankers Trust Co.*, 60 N.Y. 2d 155, 162-63 (New York Court of Appeals unanimously determined that an alleged agreement to forbear "would hardly have been omitted" from a written guaranty).  Similarly, it is hard to believe Varughese – a savvy businessman – would omit such a crucial term from the written agreement.

6

agreement." *See* Original Counterclaim ¶ 154.  Now, while back-tracking from his original

position, Varughese goes so far as to mock Navigant for doing the same thing. (Response, pp.

11-12).[7]  Even cases cited by Varughese find that two or more documents may constitute a

singular "written agreement."  *See Mun. Capital v. Page*, 181 F. Supp. 2d 379, 392 (S.D.N.Y.

2002) (finding two separate contracts, when read together, comprised the "entire written

agreement between the parties," despite lacking merger clauses, because one incorporated the

other, because "[t]he terms of these agreements together reflect the entire written agreement,"

and because it was necessary to read both to determine certain calculations and conditions

governing the parties); *see also*, *Wayland Inv. Fund v. Millenium Seacarriers, Inc.*, 111 F. Supp.

2d 450, 455 (S.D.N.Y. 2000) (finding that "Exchange Notes and their governing Indenture

constitute[d] the integrated agreement of the parties").

        The Offer Letter expressly references a number of employment agreements, and

all must be examined together as one, "singular" employment agreement. *See Mun. Capital*, 181

F. Supp. at 392.  The employment agreement is integrated because agreements that are part of

the Letter – Varughese's Stock Award and Varughese's Retention Bonus Recovery – contain

integration provisions which apply to the larger agreement.  Varughese's argument that each

integration clause pertains only to the particular subject matter of the agreement, rather than to

the employment agreement as a whole, *see* Varughese's Response, p. 11-15, does not change the

result.  As the particular agreements with integration clauses are related to Varughese's

compensation, these agreements are construed as part of one larger employment agreement.

---

[7] Navigant never conceded in this Court that the Offer Letter was a "partial memorialization of certain terms of Varughese's employment agreement."  Response, p. 18.  Tellingly, Varughese does not cite to Navigant's Complaint, nor its Motion to Dismiss, to support this allegation. The shrill tone of Varughese's response is a dead give-away that he lacks legal support for his position.

CHIC_1629132.4

iv.    *The Alleged Oral Promise Conflicts With, And Is Barred By, The Written Employment Agreements.*

"[A] contract which appears complete on its face is an integrated agreement as a matter of law…[and thus] if the written document 'appears to contain the engagements of the parties, and to define the object and measure the extent of such engagement, [then] it constitutes the contract between them, and is presumed to contain the whole of that contract.'" *Wayland*, 111 F. Supp. at 454 (citations omitted). When a contract is a facially "definite and complete statement of the parties' agreement, parol evidence of antecedent oral [promises] is not admissible to vary or contradict the writing." *Wilson-Gray*, 1990 U.S. Dist. LEXIS 16956, at *5. Here, the Offer Letter is complete on its face, covering the major employment issues.

In light of this, Varughese tries to construe the oral promise as one that complements, rather than contradicts, the Offer Letter and employment agreements. But that is not so – the alleged oral promise is contradictory. The Offer Letter expressly states the terms of Varughese's compensation. Varughese was offered a salary of $450,000 and a bonus of $350,000. *See* Offer Letter, p. 1. The alleged oral compensation promise not only conflicts with these written terms, but it would result in a "plainly [] different deal from [that] described in the [Offer Letter]." *Carruthers v. Flaum*, 450 F. Supp. 2d 288, 310 (S.D.N.Y. 2006) (finding additional parol terms (addition of a down payment) not to apply because they contradicted the terms of a written agreement).[8] An alleged promise of 20% of the net revenue of the GFI subpractice constitutes a "plainly different deal" than that contained in the written agreements.

---

[8] Varughese cites to multiple cases on page 20, footnote 14 and page 21, footnote 15 of his Response where parol evidence was not allowed because it contradicted a specific provision of the written agreement. Here too, the alleged oral promise contradicts the written agreement. *Carruthers*, 450 F. Supp. 2d at 310 (discussed *supra*).

CHIC_1629132.4

**B.    Varughese Fails to State a Claim for Fraudulent Inducement.**

Varughese's claim for fraudulent inducement should be dismissed on two grounds.

First, Varughese dismisses the governing case law holding that a party cannot recover under a fraudulent inducement claim if the party also seeks rescission, stating that Varughese only seeks monetary damages. But the First Counterclaim (¶ 180) incorporates by reference Paragraph 128 in which Varughese alleges "because Navigant fraudulently induced Varughese to enter into the various agreements…those agreements therefore must be rescinded." Varughese made the strategic decision to incorporate this rescission allegation into this counterclaim and the fact that the prayer for relief seeks money damages specifically does not make the rescission allegation disappear.

Second, in the cases cited by Varughese permitting claims of fraudulent inducement to proceed past the pleading stage, the alleged promise related to subject matter different from, and not specifically include in, the terms of the employment arrangement. For example, in *Stewart v. Jackson & Nash*, 976 F.2d 86 (2d Cir. 1992), the plaintiff-lawyer relied upon fraudulent statements about the nature of the work she would perform at the new firm (environmental law) and her position as head of the environmental group and in *Hyman v. IBM Corp.*, No. 98 Civ. 1371 (JSM), 2000 WL 1538161 (S.D.N.Y. Oct. 17, 2000), the alleged fraudulent inducement concerned the existence of a 5-year contract with IBM which would have fostered job security. In neither case does it appear that these issues were embodied in the employment terms. *Lam v. American Express Co.*, 265 F. Supp. 2d 225 (S.D.NY. 2003), is instructive. While unlike *Lam,* Varughese claims oral fraudulent misrepresentations were made apart from the contract, like *Lam* the representations related to compensation terms set out in an integrated written contract.

9

Varughese alleges that the fraudulent promises were, for example, that he would be made head of the Financial Services Practice (Amended Counterclaim, ¶ 148) and Varughese would be paid 20% of the net revenues of the practice group (¶¶ 147; 188). But the Offer Letter dealt with both issues. The job position that Varughese was offered was Managing Director (Offer Letter, Ex. 1 to Hanson Aff. for Motion to Dismiss) and the compensation package was $450,000 in salary and $350,000 in bonus. *Id.* There is no allegation in the Counterclaim that these promises were not honored, nor could there be as Varughese was made Managing Director and received the compensation set forth in the Offer Letter. By definition there can be no fraudulent inducement when the areas of the alleged fraud (his position at Navigant and his compensation) are the same as what Varughese agreed in writing that they should be. This distinguishes Varughese's cases in which the alleged fraud related to subjects not covered in the signed employment agreement.[9]

## CONCLUSION

For the foregoing reasons, Navigant respectfully requests that the amended counterclaim be dismissed pursuant to Rule 12(b)(6).

---

[9] Varughese's insertion of alleged fraudulent allegations made after he was employed (¶¶ 165-172) have no bearing on the fraudulent inducement claim, as only those statements made before Varughese decided to terminate his employment with BearingPoint have any relevance to this claim. *See Stewart*, 976 F.2d at 89-90.

10

Dated: September 17, 2007                    FOLEY & LARDNER LLP
        Chicago, Illinois

                                             By: /s/ Rebecca R. Hanson

                                                 Peter N. Wang (PW 9216)
                                                 Robert A. Scher (RS 2910)
                                                 FOLEY & LARDNER LLP
                                                 90 Park Avenue
                                                 New York, NY 10016
                                                 Telephone: 212.682.7474
                                                 Facsimile: 212.687.2329

                                                 and

                                                 Michael M. Conway (admitted *pro hac vice*)
                                                 Amy P. Purcell (admitted *pro hac vice*)
                                                 Rebecca R. Hanson (admitted *pro hac vice*)
                                                 FOLEY & LARDNER LLP
                                                 321 North Clark Street, Suite 2800
                                                 Chicago, IL 60610
                                                 Telephone: 312.832.4500
                                                 Facsimile: 312.832.4700

                                                 *Attorneys for Plaintiff/Counterdefendant*
                                                 *Navigant Consulting, Inc.*

11