```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10|11|07
```

Revised Form D—For cases assigned to Judge Leisure    Effective: March 1, 2004

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
NAVIGANT CONSULTING, INC., a Delaware corporation,

    Plaintiff(s),

    -v-

JESS VARUGHESE, an individual,

    Defendant(s).
------------------------------------------------x

CIVIL CASE MANAGEMENT PLAN
(JUDGE LEISURE)

Case No. 07 Civ. 4854 (PKL)

After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

A.    The case (is) (is not) to be tried to a jury. [Circle as appropriate]

B.    Joinder of additional parties must be accomplished by September 6, 2007.

C.    Amended pleadings may be filed without leave of Court until The parties disagree.*

D.    Discovery (in addition to the disclosures required by Fed. R. Civ. P. 26(a)):

   1.    Documents. First request for production of documents, if any, must be served by January 1, 2008. Further document requests may be served as required, but no document request may be served later than 30 days prior to the date of the close of discovery as set forth in item 6 below.

   2.    Interrogatories. Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York must be served by January 1, 2008. No other interrogatories are permitted except upon prior express permission of Judge Leisure. No Rule 33.3(a) interrogatories need be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).

   3.    Experts. Every party-proponent of a claim (including any counterclaim, cross-claim, or third-party claim) that intends to offer expert testimony in respect of such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by April 4, 2008. Every party-opponent of such claim that intends to offer expert testimony in opposition to such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by April 25, 2008. No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinions covered by the aforesaid disclosures except upon prior express permission of the Court, application for which must be made no later than 10 days after the date specified in the immediately preceding sentence. All experts may be deposed, but such depositions must occur within the time limit for all depositions set forth below.

---

*/ Plaintiff states:   Under Rule 15(a), a party may amend his pleading only once without leave of Court. Because Varughese filed his amended pleading on August 2, 2007, he cannot again amend without leave of Court.

   Defendant states:   Varughese requests a deadline of August 2, 2007 with the exception of adding employment discrimination claims.

4.  Depositions. All depositions (including any expert depositions, see item 3 above) must be completed by May 15, 2008. Unless counsel agree otherwise or the Court so orders, depositions shall not commence until all parties have completed the initial disclosures required by Fed. R. Civ. P. 26(a)(1) or until four weeks from the date of this Order, whichever is earlier. Depositions shall proceed concurrently, with no party having priority, and no deposition shall extend beyond one business day without prior leave of the Court.

5.  Requests to Admit. Requests to Admit, if any, must be served by January 1, 2008 [insert date that is no later than 30 days prior to date of close of discovery as set forth in item 6 below].

6.  All discovery is to be completed by May 15, 2008. Interim deadlines for items 1–5 above may be extended by the parties on consent without application to the Court, provided the parties are certain they can still meet the discovery completion date set forth in this paragraph, which shall not be adjourned except upon a showing to the Court of extraordinary circumstances.

E.  Post-discovery summary judgment motions in the form prescribed by the Court's Individual Rules of Practice may be brought after a pre-motion conference has been requested by the intended moving party. Motion filing schedules will be set at the pre-motion conference. The parties are instructed to furnish chambers with courtesy copies of all motion papers at the same time as their exchange among the parties.

F.  A final pre-trial conference shall be held on _____ [date to be inserted by the Court], at which time the Court shall set a firm trial date. The timing and other requirements for the Joint Pretrial Order and/or other pre-trial submissions shall be governed by the Court's Individual Rules of Practice.

G.  All motions and applications shall be governed by Judge Leisure's Individual Rules of Practice. Counsel shall promptly familiarize themselves with all of the Court's Individual Rules, as well as with the Local Rules for the United States District Court for the Southern District of New York.

SO ORDERED.

*Peter K. Leisure*
Peter K. Leisure
U.S.D.J.

DATED: New York, New York
10/11/07